## YOUNGSTOWN LAUNDRY, Inc v YOUNGSTOWN (city) et

Ohio Appeals, 7th Dist, Mahoning Co

No 2456.  Decided June, 24, 1938

McKain, Ohl & Swanner, Youngstown, for appellee.

William E. Lewis, Asst. Law Director, Youngstown, for appellants.

### OPINION

By NICHOLS, PJ.

Youngstown Laundry, Inc., as plaintiff, filed its petition in the Court of Common Pleas of Mahoning County against City of Youngstown and the Water Commissioner of that city, as defendants, wherein it alleged in its petition that it is the owner of certain described real estate in the city, which was purchased from the receiver of the Youngstown Sanitary Laundry Company; that the city is a municipal corporation owning and operating a water system for the purpose of supplying the inhabitants with water; that the water department furnishes plaintiff with water, and that plaintiff has paid for all water furnished it since becoming owner of the described premises and stands ready, able and willing to pay for water when the same becomes due; that the defendants are threatening to and will, unless enjoined by the court, turn off the water from the premises upon

which plaintiff is conducting a laundry and dry cleaning business, and if the water is turned off it will sustain irreparable loss and injury for which it has no plain, speedy or adequate remedy at law. Plaintiff prays that the city and its agents, servants and employees be restrained and enjoined from turning off the water from the premises and for all other necessary and proper relief.

A temporary restraining order having been granted by the Common Pleas Court upon plaintiff's petition, the cause was submitted to that court upon the petition, answer of the defendants, and reply thereto, and upon an agreed statement of facts. The court found in favor of the plaintiff and permanently enjoined the defendants from shutting off the water from plaintiff's premises so long as it paid the charges for water furnished plaintiff since it became the owner of the premises.

Appeal upon questions of law and fact has been prosecuted to this court by City of Youngstown and its Water Commissioner. The cause is submitted in this court upon the original pleadings and an agreed statement of facts, together with a copy of certain provisions of the home rule charter of the city adopted May 15, 1923, and a copy of certain sections of the "rates, rules and regulations for the management and protection of the division of water of the City of Youngstown, Ohio," adopted in April of 1923.

From the agreed statement of facts it is ascertained that the Youngstown Sanitary Laundry Company was an Ohio corporation incorporated prior to May, 1923, and engaged in the laundry business in the city of Youngstown. A receiver for this corporation was appointed by the Court of Common Pleas of Mahoning County, Ohio, on the 3rd day of July, 1931, and continued to operate the laundry business of the corporation until the property was sold by the receiver, September 7, 1933, to Youngstown Laundry, Inc., an Ohio corporation, appellee herein, and appellee continued to operate the laundry business in the real estate described in plaintiff's petition until it subsequently sold the property to the Youngstown Brewing Company.

May 2, 1923, the Youngstown Sanitary Laundry Company executed and delivered to City Trust & Savings Bank, trustee, a mortgage covering its property including the real estate described in plaintiff's petition, and securing a bond issue of the mortgagor, the mortgage being duly filed and reported in Mahoning County Mortgage Records. Shortly thereafter the elect-

ors of the City of Youngstown adopted a Home Rule Charter for the city and, subsequently, the rules and regulations of the water department were adopted.

July 2, 1931, petition was filed in the Common Pleas Court of Mahoning County for the foreclosure of the trust mortgage lien upon the property of the Youngstown Sanitary Laundry Company and for judgment in the amount of $42,700.00, being the amount due on the bonds secured by the mortgage. In this foreclosure proceeding a receiver was appointed by the court and the receiver sold the mortgaged real estate to Youngstown Laundry, Inc., by deed dated February 4, 1934.

The Youngstown Sanitary Laundry Company, prior to the appointment of the receiver in the foreclosure action, had become indebted to the city for water rent, the amount due and unpaid at the time of the appointment of the receiver being $944.85. The receiver made some payments of water rent to the city during the operation of the laundry by the receiver, but at the time of the sale of the property by the receiver to Youngstown Laundry, Inc., there was an unpaid balance of $414.20 due the city for water furnished to the receiver.

The city was not made a party to the action brought by the City Trust & Savings Bank, trustee, against the Youngstown Sanitary Laundry Company for the foreclosure of the mortgage lien. Under the order of distribution of funds received from the sale by the receiver, the unpaid water bills were not reached and no payment was made to the city upon the distribution of such funds.

Youngstown Laundry, Inc., has paid in full for all water used by it, but the balance of the account incurred by the Youngstown Sanitary Laundry Company and the receiver remains unpaid. City of Youngstown, prior to the beginning of the action in the Court of Common Pleas, threatened to discontinue furnishing water for Youngstown Laundry, Inc., and threatened to turn off the water supply unless the old bills were paid. At the time of the hearing in this appeal case the city still maintained that it has the right to shut off the water from the premises and threatens so to do unless enjoined.

When Youngstown Laundry, Inc., sold the property to the corporation now known as The Youngstown Brewing Company it covenanted that the property was free and clear of all incumbrances except taxes and assessments due and payable in December, 1934, and thereafter. A purchase money

mortgage given to Youngstown Laundry Inc., upon the property sold by it has subsequently become in default and hence the action has not become moot as to Youngstown Laundry, Inc., because of its outstanding covenant that the property is free and clear of all encumbrances except taxes and assessments.

City of Youngstown claim, first, that all charges for water furnished by it are a lien against the property to which the water is furnished, and, second, that it has the right to shut off water from the premises because of nonpayment of the bills for water furnished the Youngstown Sanitary Laundry Company and the receiver. The claims of the city are based upon certain provisions of the home rule charter and certain sections of the rates, rules and regulations for the management and protection of the Division of Water of the city, adopted under authority of the charter provisions as follows:

Section 45, Home Rule Charter, is as follows:

"The Commissioner of Water shall manage and operate the Division of Water. He shall adopt and enforce, with the approval of the mayor all rules and regulations governing the Division of Water, and fix the rates and conditions for the supplying of water, and shall adopt such regulations as to security for water rent as he may deem necessary or advisable. * * *"

Section 47, Home Rule Charter, is as follows:

"The Commissioner of Water shall have all the powers, so far as they relate to water works affairs, now or hereafter conferred by statute upon directors of public service, not inconsistent with the provisions of this charter."

Section 13, Rates, Rules and Regulations of the Water Department is as follows:

"APPLICATION FOR WATER MUST BE MADE—All applications for the use of water from the city water works must be made by the owner of the premises or his authorized agent."

Section 14, Rates, Rules and Regulations of the Water Department is as follows:

"APPLICANTS MUST AGREE TO CONFORM TO BY-LAWS—Applicants for water shall make such deposits or assessments as may be required, and shall agree to the by-laws and regulations pertaining to the use of water."

Section 15, Rates, Rules and Regulations of the Water Department is as follows:

"CHARGES FOR WATER ARE A LIEN AGAINST PROPERTY—All charges for water are assessed against the property to which the service is rendered, and are a lien against such property, collectible in the same manner as other city taxes and assessments: and it shall be the duty of persons purchasing property to ascertain if there are any unpaid water bills standing against the property."

Section 18, Rates, Rules and Regulations of the Water Department is as follows:

"WATER MAY BE SHUT OFF AGAINST DELINQUENTS—Whenever an owner or consumer becomes delinquent in the payment of water bills or of any other obligation to the Division of Water, the supply of water may be shut off from any premises of such owner or consumer, notice of such action having previously been given as provided in these regulations, regardless of whether such indebtedness was incurred at the premises where service is discontinued or at any other property of such owner or consumer."

It is agreed that the city has no ordinance purporting to give a lien for water rent, and further agreed that there was no certificate issued by the city to the county auditor or treasurer for the collection of delinquent water bills.

It may be assumed that the Youngstown Sanitary Laundry Company as well as the receiver appointed by the Common Pleas Court in the foreclosure action made applications for the use of water from the city water works and agreed to the by-laws and regulations pertaining to the use of water; and further agreed that all charges for water assessed against the property while the Youngstown Sanitary Laundry Company was the owner thereof is a lien against such property, collectible in the same manner as other city taxes and assessments; and further agreed that the supply of water might be shut off from the premises at any time it or the receiver became delinquent in the payment of water rents and while it was the owner of the premises.

But §15 above quoted, expressly provides that the lien against the property for unpaid water rents is collectible in the same manner as other city taxes and assessments, and since it is agreed that the city has never made any certificate to the auditor or treasurer of Mahoning County for the collection

of the delinquent water rents as a lien against the property, any right which the city had or may have for the collection of its claimed lien for the delinquent rents for water furnished prior to the time plaintiff-appellee became the owner of the property can have no application in determining the right of plaintiff-appellee to an injunction against the city preventing it from shutting off the water to the present owner of the property.

It has not been pointed out to us that there is any provision of the Home Rule Charter of the City of Youngstown which provides a different method for the collection of city taxes and assessments other than the manner provided for the collection of taxes and assessments in cities which have not availed themselves of the home rule provisions of the constitution. We therefore assume that taxes and assessments due the City of Youngstown are collected by certifying the same to the county auditor, thereby causing the same to be placed on the general tax duplicate for collection.

We have considered the claims of the parties in the light of the fact that the only relief prayed for in plaintiff's petition is injunction against the city and its water commissioner from turning off the water from the premises described in the petition, and in view of the further fact that no affirmative relief on behalf of the city is sought in its answer, the only prayer on behalf of the city being that the petition of plaintiff be dismissed and that it go hence with its costs. It is true that the city alleges in its answer, as defensive to the injunction sought by plaintiff, that it has a lien on the premises described in the petition for water furnished the former owner of the premises; but since §15, rules and regulations of the Water Department, providing for such lien, expressly stipulates the manner of its collection, that is, the same manner as other city taxes and assessments are collectible, and since there is no other provision of the Home Rule Charter of the city and no other provision of the rules and regulations of the Water Department with reference to the collection of the lien, it is our opinion that the right of the city to collect or enforce any lien claimed by it is not in issue in this case; and while it is probable we should make no statements herein upon the right of the city under §15, rules and regulations of the Water Department, it is sufficient in this connection to reiterate that the agreed statement, upon which this case is submitted to this court, expressly admits

that the city has not complied with the provisions of the section necessary to the collection of the claimed lien, in that it has not taken the steps necessary to collect the lien as other city taxes and assessments are collectible. §15 does not provide that the water may be cut off from the property as a means of collecting or enforcing the lien. In this situation of the case, we deem it improper now to construe that portion of §15, above quoted, which provides that "it shall be the duty of persons purchasing property to ascertain if there are any unpaid water bills standing against the property." Construction to this language of the section may be given when, if ever, the city shall seek to collect the lien attempted to be provided by the section.

As we see it, the only question at issue in this case under the pleadings and agreed facts is the right of the city to shut off the water from the premises now owned by the plaintiff, or its grantee, because of the failure of the former owner and the receiver to pay water rents due for water furnished by the city prior to acquisition by plaintiff of the property to which such water was previously furnished.

It may here be said that under the Home Rule Charter provision, hereinbefore quoted, we are of opinion that full and ample authority is vested in the division of water, with the approval of the mayor, to adopt such reasonable and necessary by-laws and regulations as they may deem necessary for the safe, economic and efficient management and protection of the water works of the city; that under this power the regulations set forth in §18, of the rules rates and regulations of the Division of Water of the city, is a reasonable regulation and may be enforced as therein provided. **City of Mansfield v Humphreys Manufacturing Company, 82 Oh St 216, 31 L.R.A. (N.S.) 301, 92 NE 233, 19 Ann. Cas. 842.**

Under the provisions of §18, above quoted, it is quite clear that the city could have availed itself of the right provided therein and have shut off the water from the property while owned by the Youngstown Sanitary Laundry Company when it became delinquent in the payment of rents for water furnished to it, and it may likewise be assumed that the city could have shut off the water from the property while in the control of the receiver when the receiver consumer became delinquent in the payment of the bills for the water consumed by him, although we are not here determining whether the right of the city to turn off the water while the property was in the control of the

receiver is affected by any principle suspending such right of the city while the property was in custodia legis.

But the city did not avail itself of its right to shut off the water from the delinquent owner and consumer. The present owner and consumer is not delinquent in the payment of water bills, and we find nothing 'n the provisions of §18, or any other section of the rules and regulations of the water department of the Home Rule Charter which authorizes the city to shut off the water from the property of a non-delinquent owner or consumer because a former owner or consumer became delinquent in payment of bills for water furnished such former owner or consumer. §18, above quoted, only authorizes the water to be turned off "from any premises of such owner or consumer" as has become delinquent in payment of water bills.

Assuming for the purpose of the decision of this case as claimed by the city, that it derives its powers under the Home Rule Charter authorized by constitutional provision, unhampered by legislative enactment yet the right of the city in the matter of shutting off water from delinquents must be limited to the reasonable regulations adopted by it under the charter, and no regulation having been adopted by it authorizing the shutting off of water from the property described in the petition under the facts agreed upon in this case, it must be and is held that the plaintiff is entitled to the injunction prayed for in its petition so long as it, or its grantee successors or assigns, shall not 'be delinquent in payment of future water bills. A decree may be entered accordingly.

CARTER and BENNETT, JJ, concur.